# In the United States Court of Federal Claims

No. 23-320C
(Filed: August 31, 2023)
**NOT FOR PUBLICATION**

```
****************************************
KENNETH LESLIE CALDWELL,              *
                                      *
                Plaintiff,            *
                                      *
v.                                    *
                                      *
THE UNITED STATES,                    *
                                      *
                Defendant.            *
                                      *
****************************************
```

## OPINION AND ORDER

Plaintiff Kenneth Leslie Caldwell, proceeding *pro se*, makes a variety of allegations and seeks various forms of relief. *See* Complaint (ECF 1). The government has moved to dismiss under RCFC 12(b)(1) and 12(b)(6).[1] The motion to dismiss is **GRANTED**.

The Tucker Act limits this Court's subject-matter jurisdiction — its authority to pass judgment on the cases before it — to specific types of claims, most commonly non-tort claims for money damages. *See, e.g.*, 28 U.S.C. § 1491(a)(1); *see also Brown v. United States*, 105 F.3d 621, 623 (Fed. Cir. 1997) ("The Court of Federal Claims is a court of limited jurisdiction.").[2] Perhaps confusingly for *pro se* litigants, it is not a forum for "federal claims" generally. Claims that are outside the Court's jurisdiction must be dismissed. RCFC 12(h)(3). "In determining jurisdiction, a court must accept as true all undisputed facts asserted in the plaintiff's complaint and draw all reasonable inferences in favor of the plaintiff." *Trusted Integration, Inc. v. United States*, 659 F.3d 1159, 1163 (Fed. Cir. 2011) (citing *Henke v. United States*, 60 F.3d 795, 797 (Fed. Cir. 1995)). "Although a *pro se* plaintiff's complaint is held to a less stringent standard than those prepared by counsel, *pro se* litigants are not excused from meeting jurisdictional requirements." *Spengler v. United States*, 688 F. App'x 917, 920 (Fed. Cir. 2017) (citations omitted) (citing *Hughes v. Rowe*, 449 U.S. 5, 9

---

[1] *See* Mot. to Dismiss (ECF 12). Mr. Caldwell has filed a response (ECF 15), and the government has filed a reply (ECF 18).

[2] Mr. Caldwell mentions jurisdiction under 28 U.S.C. § 1505, but he has not pleaded that he is an Indian or represents an Indian group.

(1980), and *Kelley v. Sec'y, U.S. Dep't of Labor*, 812 F.2d 1378, 1380 (Fed. Cir. 1987)); *see also Howard-Pinson v. United States*, 74 Fed. Cl. 551, 553 (2006) (explaining that *pro se* litigants are "entitled to a liberal construction of [their] pleadings") (citing *Haines v. Kerner,* 404 U.S. 519, 520–21 (1972)).

    Most of Mr. Caldwell's claims involve misconduct by Idaho state agencies, courts, and officers, or by individuals and businesses. This Court, though, cannot hear claims against defendants other than the United States, and it cannot review the decisions of other courts. *Innovair Aviation Ltd. v. United States*, 632 F.3d 1336, 1344 (Fed. Cir. 2011); *Jones v. United States*, 440 F. App'x 916, 918 (Fed. Cir. 2011); *Joshua v. United States*, 17 F.3d 378, 380 (Fed. Cir. 1994); *see also Vehr v. United States*, 117 Fed. Cl. 332, 333 (2014). This Court has no jurisdiction over claims based on state law. *Cabral v. United States*, 317 F. App'x 979, 982 (Fed. Cir. 2008) (citing *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007)).

    Mr. Caldwell claims that certain federal agencies have failed to prevent misconduct by the state, *see* Complaint at 3, and he refers to alleged rights under several federal laws, *see, e.g.*, *id.* at 30–35. Claims for money in this Court, though, are generally premised on (1) contracts between the plaintiff and the United States or (2) laws or constitutional provisions that require the United States to pay money to the plaintiff. *Fisher v. United States*, 402 F.3d 1167, 1172 (Fed. Cir. 2005) (citing 28 U.S.C. § 1491(a)(1)). He mentions no contract with the United States, and he has not shown that any other federal law he mentions creates rights to money in this Court. Binding or persuasive authority forecloses his claims as to most of those laws. *See, e.g.*, *Jones*, 440 F. App'x at 918 (criminal laws); *Duncan v. United States*, 446 F. App'x 303, 305 (Fed. Cir. 2011) (18 U.S.C. § 3771); *Stephens v. United States*, No. 10-571C, 2011 WL 222118, at *3 (Fed. Cl. Jan. 21, 2011) (42 U.S.C. §§ 1981–1986); *Class v. United States*, No. 20-205, 2020 WL 3960342, at *4 (Fed. Cl. July 13, 2020) (10 U.S.C. § 253); *United States v. Connolly*, 716 F.2d 882, 887 (Fed. Cir. 1983) (First Amendment); *Brown*, 105 F.3d at 623 (Fourth Amendment); *Trafny v. United States*, 503 F.3d 1339, 1340 (Fed. Cir. 2007) (Eighth Amendment); *Starnes v. United States*, 162 Fed. Cl. 468, 474 (2022) (Thirteenth Amendment); *Greene v. United States*, No. 22-1711C, 2023 WL 3454821, at *2 (Fed. Cl. May 15, 2023) (Fourteenth Amendment); *Hufford v. United States*, 87 Fed. Cl. 696, 703 (2009) (antitrust laws). Individuals can pursue compensation for takings of property in this Court under the Fifth Amendment of the United States Constitution, *Acceptance Ins. Cos. Inc. v. United States*, 503 F.3d 1328, 1336 (Fed. Cir. 2007), but Mr. Caldwell does not allege that any of his property was taken.

    The only claims in the complaint that might relate to the United States involve disputes over intellectual property — specifically, Mr. Caldwell's efforts to obtain

various patents and trademarks. Those claims seek non-monetary relief, *see* Complaint at 15, 25, which is outside this Court's authority to grant except "as an incident of and collateral to" a money judgment. *See* 28 U.S.C. § 1491(a)(2); *see also United States v. Tohono O'Odham Nation*, 563 U.S. 307, 313 (2011) ("[T]he [Court of Federal Claims] has no general power to provide equitable relief against the Government or its officers."). To the extent Mr. Caldwell's claims involve trademarks, "no statute gives the Court of Federal Claims jurisdiction over trademark claims." *Siler v. United States*, 296 F. App'x 32, 33 (Fed. Cir. 2008). Although this Court can grant relief for infringement of patents by the United States, 28 U.S.C. § 1498(a), Mr. Caldwell does not claim that he ever obtained any relevant patents or trademarks. This Court has no jurisdiction over claims related to unissued patents, *Strougher v. United States*, 89 Fed. Cl. 755, 761–62 (2009), let alone trademarks. To the extent Mr. Caldwell objects to the non-issuance of patents or trademarks, those claims belong in other forums. *See, e.g.*, 15 U.S.C. §§ 1070, 1071, 1121; 35 U.S.C. §§ 134, 141, 145. Claims involving other intellectual property-related administrative actions may be governed by the Administrative Procedure Act, but this Court lacks jurisdiction over those claims as well. *Martinez v. United States*, 333 F.3d 1295, 1313 (Fed. Cir. 2003).

I have reviewed Plaintiff's complaint in its entirety, and I am unable to identify any claims within this Court's jurisdiction. Defendant's motion to dismiss is **GRANTED** and the case is **DISMISSED**, without prejudice, for lack of jurisdiction. *See Aerolineas Argentinas v. United States*, 77 F.3d 1564, 1572 (Fed. Cir. 1996) ("[I]n the absence of subject matter jurisdiction there can be no preclusive findings or conclusions on the merits, and dismissal for lack of jurisdiction is without prejudice."). The procedural requests mentioned in Mr. Caldwell's response to the motion to dismiss are **DENIED AS MOOT**. Mr. Caldwell's motion to appoint counsel (ECF 10) and motion for appointment of a special master and injunctive relief (ECF 11) are likewise **DENIED AS MOOT**.

The Clerk is directed to enter judgment accordingly.

**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge
